Patricia **EBLING**, Plaintiff,

v.

**CLEARSPRING LOAN SERVICES, INC.,** Defendant.

**Civ. No. 15–25 (RHK/BRT).**

United States District Court, D. Minnesota.

Signed April 14, 2015.

Jonathan L.R. Drewes, Bennett Hartz, Drewes Law PLLC, Minneapolis, MN, for Plaintiff.

Hilary Loynes Palazzolo, Michael J. Steinlage, Larson King, LLP, St. Paul, MN, for Defendant.

## ORDER

RICHARD H. KYLE, District Judge.

This matter is before the Court on Defendant's Motion to Dismiss (Doc. No. 20). For the reasons that follow, the Motion will be granted in part and denied in part.

This case arises out of Defendant's attempts to collect a "HomeSaver Advance loan" made to Plaintiff by the Federal National Mortgage Association. According to Plaintiff, on October 1, 2013, she spoke with a representative of Defendant on her cell phone and the following exchange occurred:

> *Representative:* Is [this] a good number we can continue to reach you at, and if so—
>
> *Plaintiff:* So far, I just keep hoping. Yeah, it's a cell phone, so—
>
> *Representative:* Okay, and you are giving us permission to call it?
>
> *Plaintiff:* Yeah.

(Am. Compl. ¶ 8.) Following this conversation, Defendant "began relentlessly robodialing" Plaintiff's cell phone and left automated voicemails on at least eighteen separate occasions. (*Id.* ¶¶ 10–11.) And according to Plaintiff, Defendant "used multiple names in its collection voicemails," including " 'ClearSpring Loan Servicing,' 'Strategic Recovery Group,' and 'Delphi Global Solutions.' " (*Id.* ¶ 14.) Plaintiff alleges that Defendant's conduct violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.* (Count I), and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* (Count II). Defendant now moves to dismiss these claims, arguing each fails as a matter of law. The Court agrees only in part.[1]

1. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), set forth the standard for evaluating a motion to dismiss. A complaint must include "enough facts to state a claim to relief that is plausible on its

*TCPA.* Congress enacted the TCPA in 1991 in response to mounting evidence that "automated or prerecorded telephone calls ... [are] a nuisance and an invasion of privacy." Pub.L. No. 102–243, § 2(10), 105 Stat. 2394 (Dec. 20, 1991). The statute prohibits "any person ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1). It creates a private right of action for any individual aggrieved by a violation thereof. § 227(b)(3).

■ At issue here is the statutory exception for automated calls "made with the prior express consent of the called party." Defendant argues Plaintiff provided "express consent" to be contacted on her cell phone in the October 1, 2013 conversation with Defendant's representative. Because all of the calls identified in the Amended Complaint occurred after October 1, 2013, Defendant argues Plaintiff cannot make out a claim under the TCPA. (Def. Mem. at 7–9.)[2] Plaintiff responds that although she gave permission to be contacted on her cell phone, she did not expressly consent to *automated* calls. She argues that in order for consent to be "express" under

the TCPA, an individual must clearly communicate "(1) that robo-dialing specifically is acceptable and (2) that it is acceptable specifically to a cell phone." (Mem. in Opp'n at 7.)

Plaintiff's position is not without support. For example, in *Edeh v. Midland Credit Management, Inc.,* 748 F.Supp.2d 1030 (D.Minn.2010) (Schiltz, J.), the debt-collector defendant alleged that it could not be liable under the TCPA for automated calls to the plaintiff's cell phone because the plaintiff had provided his cell-phone number to the defendant. The Court rejected that argument:

> [The defendant's] call to Edeh's cellular phone was permissible only if it was made "with [Edeh's] prior *express* consent." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). "Express" means "explicit," not, as [the defendant] seems to think, "implicit." [The defendant] was not permitted to make an automated call to Edeh's cellular phone unless Edeh had previously said to [the defendant] ... something like this: "I give you permission to use an automatic telephone dialing system to call my cellular phone." [The defendant] has no evidence that Edeh gave such express consent.

*Id.* at 1038; accord, e.g., *Thrasher–Lyon v. CCS Commercial, LLC,* No. 11 C 4473,

---

face." *Twombly,* 550 U.S. at 547, 127 S.Ct. 1955. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (citation omitted). The Court "must accept [the] plaintiff's specific factual allegations as true but [need] not ... accept a plaintiff's legal conclusions." *Brown v. Medtronic, Inc.,* 628 F.3d 451, 459 (8th Cir.2010) (citation omitted). The Complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to Plaintiff. *Twombly,* 550 U.S. at 554–56, 127 S.Ct. 1955.

**2.** Plaintiff alleged in her Amended Complaint that on September 2, 2014, she revoked her consent to be contacted on her cell phone, and at least one automated call is alleged to have been made by Defendant after that date. (*See* Am. Compl. ¶¶ 11, 13.) But Plaintiff does not rely on this (alleged) revocation in opposition to Defendant's Motion, and accordingly the Court will not address its impact on the TCPA claim. *See also, e.g., Buchholz v. Valarity, LLC,* No. 4:13CV362, 2014 WL 5849434, at *5–7 (E.D.Mo. Nov. 12, 2014) (noting split of authority whether prior express consent can be revoked).

2012 WL 3835089, at \*2–3 (N.D.Ill. Sept. 4, 2012) ("[T]he consumer must give 'prior express consent' to robocalls—not to telephone calls in general."). These cases support Plaintiff's argument that "[c]onsent merely to be called on a cell phone does not meet the 'explicit' criterion of the statute." (Mem. in Opp'n at 8.)

But this represents the minority view, both in this District and nationwide. A far greater number of courts have held that "a person need not specifically consent to be contacted using an autodialer or artificial or prerecorded voice" in order for "prior express consent" to exist. *Baisden v. Credit Adjustments, Inc.*, No. 2:13–cv–992, 2015 WL 1046186, at \*5 (S.D.Ohio Mar. 10, 2015) (citations omitted). Rather, when a person knowingly provides his cell-phone number to a creditor in connection with a debt, he "is agreeing to allow the creditor to contact him regarding his debt, *regardless of the means.*" *Id.* (emphasis added); *accord, e.g., Reed v. Morgan Drexen, Inc.*, 26 F.Supp.3d 1287, 1295 (S.D.Fla.2014) (noting the "great weight of authority" that "providing a cell phone number constitutes consent to be called, whether manually or by auto-dial"); *Steinhoff v. Star Tribune Media Co.*, Civ. No. 13–1750, 2014 WL 1207804, at \*3 (D.Minn. Mar. 24, 2014) (Nelson, J.). Indeed, the undersigned reached the same conclusion just last year in *Ranwick v. Texas Gila*, 37 F.Supp.3d 1053, 1056–58 (D.Minn.2014) (Kyle, J.).

These latter cases rely in large part on interpretive guidance issued by the Federal Communications Commission (FCC). In 2008, the FCC explained:

> Although the TCPA generally prohibits autodialed calls to wireless phones, it also provides an exception for autodialed and prerecorded message calls ... made with the prior express consent of the

called party. Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible.

2008 FCC Declaratory Ruling, CG Docket No. 02–278, FCC 07–232, 23 F.C.C.R. 559 (Jan. 4, 2008). This ruling clarified, and was consistent with, an earlier FCC determination that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." 1992 FCC Report and Order, CC Docket No. 92–90, FCC 92–44, 7 F.C.C.R. 87523 (Oct. 16, 1992).

Because the TCPA does not define the term "prior express consent," these FCC interpretations are entitled to deference under *Chevron v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), as long as they are reasonable, *see, e.g., Chanmouny v. Ashcroft*, 376 F.3d 810, 811 (8th Cir.2004), and the Court finds that they are. *See also Murphy v. DCI Biologicals Orlando, LLC*, No. 6:12–cv–1459, 2013 WL 6865772, at \*8 (M.D.Fla. Dec. 31, 2013) (according deference to FCC's 1992 and 2008 guidance); *Pinkard v. Wal–Mart Stores, Inc.*, No. 3:12–cv–2902, 2012 WL 5511039, at \*5 (N.D.Ala. Nov. 9, 2012) (same). The FCC's guidance is clear that "providing a number constitutes express consent to be auto-dialed under the TCPA." *Murphy*, 2013 WL 6865772, at \*8. Hence, because it is undisputed Plaintiff informed Defendant it was permitted to contact her on her cell phone, she cannot establish a violation of the TCPA as a matter of law. Count I of the Amended Complaint will therefore be dismissed.[3]

---

3. Plaintiff argues the 2008 FCC ruling applies only when a consumer provides her cell-

phone number when *originally* incurring a

*FDCPA.* The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). It prohibits a debt collector from using a "false, deceptive, or misleading representation ... in connection with the collection of any debt," including using "any business, company, or organization name other than the true name of the debt collector's business, company, or organization." § 1692e(14). Plaintiff alleges Defendant transgressed this rule here, specifically by using the name "Delphi Global Solutions" while attempting to collect her debt. (Am. Compl. ¶ 14.)

██ Parroting *Twombly,* Defendant now argues it is not "plausible" it used the name Delphi Global Solutions in its collection efforts, as Delphi (allegedly) is a technology supplier for automotive markets "to which [Defendant] has no connection." (Def. Mem. at 11 n. 4.) But at this stage of the proceedings, the Court must accept as true Plaintiff's allegation that Defendant "used multiple names in its collection voicemails, ... including [the name] 'Delphi Global Solutions.'" (Am. Compl. ¶ 14.) Contrary to Defendant's argument, nothing in the Federal Rules of Civil Procedure required Plaintiff to "specify when that occurred, how frequently the name was allegedly used, how she recalls the use of that name in particular, or why she believes any calls she may have received from Delphi Global Solutions were originated by Defendant." (Reply Mem. at 11.) Even if it "strikes [a] savvy judge that actual proof" Defendant used Delphi's

name "is improbable," dismissal would be improper. *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955.

Defendant also moves to dismiss portions of Plaintiff's FDCPA claim as time-barred. But as this Court has noted on several prior occasions, the statute of limitations is an affirmative defense that generally is not properly raised on a motion to dismiss. *See, e.g., Brown v. Ameriprise Fin. Servs., Inc.,* 707 F.Supp.2d 971, 979 (D.Minn.2010) (Kyle, J.) (quoting *Jessie v. Potter,* 516 F.3d 709, 713 n. 2 (8th Cir. 2008)). To the extent Defendant believes any part of Plaintiff's FDCPA claim is untimely, it can raise that issue at a later stage of the proceedings.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. No. 20) is **GRANTED IN PART** and **DENIED IN PART.** The Motion is **GRANTED** with respect to Plaintiff's TCPA claim (Count I), and that claim is **DISMISSED WITH PREJUDICE.** The Motion is **DENIED** with respect to Plaintiff's FDCPA claim (Count II).

---

debt. (Mem. in Opp'n at 10–15.) But the FCC's ruling is broader; it specifies that prior express consent "is deemed to be granted" when a cell-phone number is provided *"during the transaction that resulted in the debt owed."* 2008 FCC Declaratory Ruling, CG Docket No. 02–278, FCC 07–232, 23 F.C.C.R. 559 (Jan. 4, 2008) (emphasis added). The phrase "during the transaction" is not limited to the initial contact between creditor and

debtor. *See, e.g., Balschmiter v. TD Auto Fin. LLC,* 303 F.R.D. 508, 518 (E.D.Wis.2014) (interpreting the phrase to mean "during the time the consumer is still in the process of doing business with the creditor—i.e., by making payments, inquiring about the debt, etc."); *Hill v. Homeward Res., Inc.,* No. 2:13-cv–388, 2014 WL 4105580, at *6 (S.D.Ohio Aug. 19, 2014) (noting "common sense ... compel[s] this Court to" reject this argument).